**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311 Honorable Marianne O. Battani |
| In Re: Windshield Wiper Systems In Re: Fuel Injection Systems In Re: Valve Timing Control Devices | 2:13-cv-00902 2:13-cv-00903 2:13-cv-02202 2:13-cv-02203 2:13-cv-02502 2:13-cv-02503 |
| This Document Relates to:  All Auto Dealer Actions All End-Payor Actions | **Oral Argument Requested** |

**DEFENDANTS DENSO INTERNATIONAL KOREA CORPORATION**
**AND DENSO KOREA AUTOMOTIVE CORPORATION'S  MOTION TO DISMISS**
**END-PAYORS' AND AUTO DEALERS'  CONSOLIDATED AMENDED COMPLAINTS**
**FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM**

PLEASE TAKE NOTICE that, by their counsel listed below, Defendants DENSO

INTERNATIONAL KOREA CORPORATION ("DIKR") and DENSO KOREA

AUTOMOTIVE CORPORATION ("DNKA," collectively the "Korean Defendants")

respectfully move this Court for an Order dismissing the Auto Dealers' and End-Payors'

Consolidated Amended Class Action Complaints ("CACs")[1] in their entirety as to DIKR and

---

[1]    Specifically, the CACs are (i) the Auto Dealers' Corrected Consolidated Amended Class Action Complaint in Windshield Wiper Systems (ECF No. 47), Corrected Consolidated Amended Class Action Complaint in Fuel Injection Systems (ECF No. 33), and Corrected Consolidated Amended Class Action in Valve Timing Control Devices (ECF No. 33), and (ii) the End-Payors' Corrected Consolidated Amended Class Action Complaint in Windshield Wiper Systems (ECF No. 59), Corrected Consolidated Amended Class Action Complaint in Fuel Injection Systems (ECF No. 28), and Corrected Consolidated Class Action Complaint in Valve Timing Control Devices (ECF No. 27).  DIKR is named in the Windshield Wiper Systems, Fuel

DNKA (1) for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and (2) for

failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  This motion is based on the

accompanying memorandum of law, oral argument of counsel, and such other and further

material as the Court may consider.

As required by Local Rule 7.1(a), counsel for the Korean Defendants sought concurrence

from counsel for the Auto Dealer and End-Payor Plaintiffs on February 12, 2015, via telephone

conference.  During that call, counsel for the Korean Defendants explained the nature of this

motion and its legal basis and requested, but did not obtain, concurrence in the relief sought (*i.e.*,

dismissal of the CACs as to DIKR and DNKA).

WHEREFORE, the Korean Defendants respectfully request that this Court issue an order

GRANTING this Motion to Dismiss.


Dated: February 13, 2015                    Respectfully submitted,


                                            */s/* Steven F. Cherry
                                            Steven F. Cherry
                                            David P. Donovan
                                            Brian C. Smith
                                            Kurt G. Kastorf
                                            WILMER CUTLER PICKERING HALE
                                            AND DORR LLP
                                            1875 Pennsylvania Avenue, NW
                                            Washington, DC 20006
                                            Tel.: (202) 663-6000
                                            Fax: (202) 663-6363
                                            steven.cherry@wilmerhale.com
                                            david.donovan@wilmerhale.com
                                            brian.smith@wilmerhale.com
                                            kurt.kastorf@wilmerhale.com

---

Injection Systems, and Valve Timing Control Devices CACs.  DNKA is named in only the
Wiper Systems CACs.

*Counsel for DENSO INTERNATIONAL KOREA CORPORATION and DENSO KOREA AUTOMOTIVE CORPORATION*

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311 Honorable Marianne O. Battani |
| In Re: Windshield Wiper Systems<br>In Re: Fuel Injection Systems<br>In Re: Valve Timing Control Devices | 2:13-cv-00902<br>2:13-cv-00903<br>2:13-cv-02202<br>2:13-cv-02203<br>2:13-cv-02502<br>2:13-cv-02503 |
| This Document Relates to:<br><br>All Auto Dealer Actions<br>All End-Payor Actions | **Oral Argument Requested** |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS DENSO INTERNATIONAL KOREA CORPORATION AND DENSO KOREA AUTOMOTIVE CORPORATION'S MOTION TO DISMISS END-PAYORS' AND AUTO DEALERS' CONSOLIDATED AMENDED COMPLAINTS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM

## STATEMENT OF THE ISSUES PRESENTED

1. Whether the Court should dismiss all Plaintiffs' claims against DENSO INTERNATIONAL KOREA CORPORATION and DENSO KOREA AUTOMOTIVE CORPORATION because Plaintiffs have failed to allege sufficient facts to demonstrate that this Court may exercise personal jurisdiction over these Defendants.

2. Whether the Court should dismiss all Plaintiffs' claims against DENSO INTERNATIONAL KOREA CORPORATION and DENSO KOREA AUTOMOTIVE CORPORATION for lack of constitutional and antitrust standing for the reasons set forth in the Defendants' Collective Motion to Dismiss Auto Dealers' and End-Payors' Consolidated Amended Class Action Complaints, *Windshield Wiper Systems (Dealership Actions)*, 2:12-cv-00902 (ECF No. 51); *Windshield Wiper Systems (End Payor Actions)*, 2:12-cv-00903 (ECF No. 65), which the Korean Defendants join in and incorporate by reference.

3. Whether the Court should dismiss all Plaintiffs' state antitrust, consumer protection, and unjust enrichment claims against DENSO INTERNATIONAL KOREA CORPORATION and DENSO KOREA AUTOMOTIVE CORPORATION for the reasons set forth in the *Windshield Wiper Systems (Dealership Actions)*, 2:12-cv-00902 (ECF No. 51); *Windshield Wiper Systems (End Payor Actions)*, 2:12-cv-00903 (ECF No. 65), which the Korean Defendants join in and incorporate by reference.

4. Whether the Court should dismiss many of Plaintiffs' state claims against DENSO INTERNATIONAL KOREA CORPORATION and DENSO KOREA AUTOMOTIVE CORPORATION because they violate those states' statutes of limitations for the reasons set forth in the *Windshield Wiper Systems (Dealership Actions)*, 2:12-cv-00902 (ECF No. 51); *Windshield Wiper Systems (End Payor Actions)*, 2:12-cv-00903 (ECF No. 65), which the Korean Defendants join in and incorporate by reference.

## <u>STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITIES</u>

*J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S. Ct. 2780 (2011)

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)

Fed. R. Civ. P. 12(b)(2)

Fed. R. Civ. P. 12(b)(6)

## TABLE OF CONTENTS

STATEMENT OF THE ISSUES PRESENTED ................................................................... i

STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITIES ................... ii

TABLE OF AUTHORITIES ....................................................................................... iv

INTRODUCTION .....................................................................................................1

ARGUMENT ...........................................................................................................2

I.      THE PLAINTIFFS' COMPLAINTS FAIL TO SPECIFICALLY ALLEGE
        THAT THIS COURT HAS PERSONAL JURISDICTION OVER THE
        KOREAN DEFENDANTS.................................................................................2

II.     THE COURT SHOULD DISMISS PLAINTIFFS' COMPLAINTS BECAUSE
        THEY LACK BOTH CONSTITUTIONAL AND ANTITRUST STANDING ................5

III.    THE COURT SHOULD DISMISS PLAINTIFFS' STATE ANTITRUST,
        CONSUMER PROTECTION, AND UNJUST ENRICHMENT CLAIMS........................5

IV.     THE COURT SHOULD DISMISS MANY OF THE PLAINTIFFS' CLAIMS
        BASED ON STATE STATUTES OF LIMITATIONS ......................................................6

CONCLUSION.........................................................................................................6

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Asahi Metal Industry Co. v. Superior Court of California*,
  480 U.S. 102 (1987) ...............................................................................................4, 5

*Bird v. Parsons*,
  289 F.3d 865 (6th Cir. 2002) ................................................................................3

*Carrier Corp. v. Outokumpu Oyj*,
  673 F.3d 430 (6th Cir. 2012) .............................................................................2, 3

*In re Automotive Parts Antitrust Litigation*,
  Nos. 12-md-02311, 2:12-cv-00102, 2:12-cv-00103, 2013 WL 2456610
  (E.D. Mich. June 6, 2013)..............................................................................2, 3, 4

*In re Automotive Parts Antitrust Litigation*,
  Nos. 12-md-02311, 2:12-cv-00102, 2:12-cv-00103, 2013 WL 2456611
  (E.D. Mich. June 6, 2013)......................................................................................2

*In re Automotive Parts Antitrust Litigation*,
  No. 12-md-02311, 2:12-cv-00500, 2014 U.S. Dist. LEXIS 90745
  (E.D. Mich. July 3, 2013) ..................................................................................1, 4

*In re Automotive Parts Antitrust Litigation*,
  No. 12-md-02311, 2:12-cv-00500, 2014 WL 2999271
  (E.D. Mich. July 3, 2014) ..................................................................................1, 3

*International Shoe Co. v. Washington*,
  326 U.S. 310 (1945).................................................................................................3

*J. McIntyre Machinery, Ltd. v. Nicastro*,
  131 S. Ct. 2780 (2011)............................................................................................3

*Miller v. AXA Winterhur Insurance Co.*,
  694 F.3d 675 (6th Cir. 2012) ................................................................................4

*World-Wide Volkswagen Corp. v. Woodson*,
  444 U.S. 286 (1980).................................................................................................3

**Constitutional and Rule Provisions**

U.S. Const. Amend. V ....................................................................................................2

Fed. R. Civ. P. 12 (b)(2).............................................................................................1, 2, 6

Fed. R. Civ. P. 12 (b)(6)...............................................................................................................2, 6

* * * * *

## INTRODUCTION

There are multiple reasons why this Court should dismiss all claims asserted in Plaintiffs' Corrected Consolidated Amended Class Action Complaints ("CACs")[2] against DENSO INTERNATIONAL KOREA CORPORATION ("DIKR") or DENSO KOREA AUTOMOTIVE CORPORATION ("DNKA," collectively the "Korean Defendants").

*First*, dismissal is required under Rule 12(b)(2) because Plaintiffs have failed to allege facts that are sufficient to show that this Court may exercise personal jurisdiction over either of the Korean Defendants. Apart from conclusory and boilerplate assertions that are entitled to no weight, the CACs allege no facts indicating that either of the Korean Defendants purposefully availed itself of the laws and protections of the United States. Given their tenuous connection with the United States and the tremendous burden they would suffer if they had to defend themselves in the United States, this Court's exercise of jurisdiction over the Korean Defendants would be contrary to the Constitution's guarantees of due process.

In the *Bearings* and *Wire Harness* cases, this Court has dismissed Plaintiffs' claims against other foreign companies where the Plaintiffs similarly failed to allege with specificity that the defendants' had sufficient contacts with the United States to permit the Court to exercise personal jurisdiction over them. *See In re Automotive Parts Antitrust Litig.*, No. 12-md-02311, 2:12-cv-00500, 2014 WL 2999271, at *4 (E.D. Mich. July 3, 2014) (as to defendant AB SKF); *In*

---

[2]   Specifically, the CACs are (i) the Auto Dealers' Corrected Consolidated Amended Class Action Complaint in Windshield Wiper Systems (ECF No. 47), Corrected Consolidated Amended Class Action Complaint in Fuel Injection Systems (ECF No. 33), and Corrected Consolidated Amended Class Action in Valve Timing Control Devices (ECF No. 33), and (ii) the End-Payors' Corrected Consolidated Amended Class Action Complaints in Windshield Wiper Systems (ECF No. 59), Corrected Consolidated Amended Class Action Complaint in Fuel Injection Systems (ECF No. 28), and Corrected Consolidated Class Action Complaint in Valve Timing Control Devices (ECF No. 27). DIKR is named in Windshield Wiper Systems, Fuel Injection Systems, and Valve Timing Control Devices. DNKA is named in only Wiper Systems.

*re Automotive Parts Antitrust Litig.*, No. 12-md-02311, 2:12-cv-00500, 2014 U.S. Dist. LEXIS 90745, at *85–86 (E.D. Mich. July 3, 2013) (as to defendant Schaeffler AG); *In re Automotive Parts Antitrust Litig.*, No. 12-md-02311, 2:12-cv-00102, 2:12-cv-00103, 2013 WL 2456611, at *4–5 (E.D. Mich. June 6, 2013) (as to defendant S-Y Europe); *In re Automotive Parts Antitrust Litig.*, No. 12-md-02311, 2:12-cv-00102, 2:12-cv-00103, 2013 WL 2456610, at *4 (E.D. Mich. June 6, 2013) (as to defendant Leoni AG). The Court should reach the same result here and dismiss the Plaintiffs' claims against the Korean Defendants in their entirety.

*Second*, the Court should dismiss all claims asserted against the Korean Defendants pursuant to Rule 12(b)(6) because Plaintiffs lack both constitutional and antitrust standing to assert these claims.

*Third*, dismissal of all state law claims against the Korean Defendants is required under Rule 12(b)(6) because all of them are fatally defective as a matter of law.

*Fourth*, dismissal of many state law claims against the Korean Defendants is required under those same States' statutes of limitations.

## ARGUMENT

### I.   THE PLAINTIFFS' COMPLAINTS FAIL TO SPECIFICALLY ALLEGE THAT THIS COURT HAS PERSONAL JURISDICTION OVER THE KOREAN DEFENDANTS

This Court dismissed claims against foreign entities in the *Wire Harness* and *Bearings* cases on the grounds that Plaintiffs had not established that those defendants' contacts with the United States were sufficient for the Court to exercise personal jurisdiction over them. The Court should reach the same result here and dismiss Plaintiffs' claims against DIKR and DNKA pursuant to Rule 12(b)(2).

### A.  Legal Standard

A federal court may not exercise personal jurisdiction over a non-resident defendant unless that defendant has "sufficient minimum contacts with the United States" to satisfy the Due Process Clause of the Fifth Amendment.  *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 449 (6th Cir. 2012).  The defendant's "conduct and connection with the forum State" must be such that it "should reasonably anticipate being haled into court there."  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).  As this Court previously emphasized when dismissing other foreign defendants for lack of personal jurisdiction in *Wire Harness* and *Bearings*, "to subject a nonresident defendant to personal jurisdiction, due process requires that he must 'have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"  *In re Automotive Parts Antitrust Litig.*, 2014 WL 2999271, at *3 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)); *see also In re Automotive Parts Antitrust Litig.*, 2013 WL 2456610, at *3.

A party may be subject to the personal jurisdiction of a court through either general or specific jurisdiction.  *J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S. Ct. 2780, 2787–89 (2011).  The nature of the defendant's contacts with the forum is what determines whether general or specific jurisdiction exists.  *Bird v. Parsons*, 289 F.3d 865, 873 (6th Cir. 2002).  Where, as here, Plaintiffs' claims arise under the Sherman Act, the relevant forum in which to apply the contacts analysis is the United States as a whole.  *Carrier*, 673 F.3d at 449–50.  Plaintiffs bear the burden of proving a basis for personal jurisdiction.  *Id.* at 449.

### B.  Analysis

As Plaintiffs concede, DIKR and DNKA are South Korean corporations with their principle places of business in Korea.  *See, e.g.*, AD Sealed Amended Windshield Wipers Compl. ¶ ¶ 111–112; EPP Sealed Amended Windshield Wipers Compl. ¶¶ 86–87.  As the Sixth

Circuit has explained, it is the Plaintiffs' burden to show that this Court has personal jurisdiction. *Carrier*, 673 F.3d at 449. In this case, however, Plaintiffs' only jurisdictional allegations specific to the Korean Defendants are that they "manufactured, marketed, and/or sold" Windshield Wipers, Fuel Injection Systems, and Valve Timing Control Devices "that were purchased throughout the United States." *See, e.g.*, AD Sealed Amended Windshield Wiper Compl. ¶¶ 111–12; EPP Sealed Amended Windshield Wiper Compl. ¶¶ 86–87. This Court's precedents make clear that such conclusory allegations are insufficient to establish personal jurisdiction over foreign corporations such as the Korean Defendants. *See In re Automotive Parts Antitrust Litig.*, 2013 WL 2456610, at *5; *In re Automotive Parts Antitrust Litig.*, 2014 U.S. Dist. LEXIS 90745, at *85–86 (E.D. Mich. July 3, 2013).

Moreover, it would be improper to exercise personal jurisdiction over the Korean Defendants because doing so would be unreasonable. Determining reasonableness requires the Court to balance the interest of the United States, Plaintiffs' interest in obtaining relief, and the burden on the Korean Defendants. *Asahi Metal Indus. Co. Ltd. v Super. Ct. of Cal.*, 480 U.S. 102, 113 (1987). Plaintiffs' interests do not require that the Court exercise jurisdiction over the Korean Defendants in these cases. Dismissing DIKR and DNKA for lack of personal jurisdiction will not impair Plaintiffs' ability to pursue relief, as they may still pursue their claims against those defendants over whom this Court does have personal jurisdiction.

In contrast, practical considerations weigh heavily against exercising jurisdiction over the Korean Defendants in these cases. The Korean Defendants have no presence in the United States and, as a result, all of the relevant evidence and witnesses are in Korea. *See, e.g.*, *Miller v. AXA Winterhur Ins. Co.*, 694 F.3d 675, 681 (6th Cir. 2012) (personal jurisdiction over foreign defendant unreasonable where the evidence and witnesses are in Switzerland). And exercising personal jurisdiction over them based solely on the Plaintiffs' bare-bones conclusory allegations

4

would force Korean entities to defend themselves in time-consuming, complex, and expensive litigation in a U.S. Court located half-way around the world.  As the Supreme Court stated in *Asahi*, "[t]he unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders."  480 U.S. at 114.  Exercising jurisdiction would place a "severe" burden on the Korean Defendants and thus to do so would be unreasonable. *Asahi*, 480 U.S. at 114.

## II.     THE COURT SHOULD DISMISS PLAINTIFFS' COMPLAINTS BECAUSE THEY LACK BOTH CONSTITUTIONAL AND ANTITRUST STANDING

The Court should also dismiss Plaintiffs' claims because the Plaintiffs lack both Article III and antitrust standing for the reasons enumerated in Defendants' Collective Motion to Dismiss in the Windshield Wiper Systems cases.  *See Windshield Wiper Systems (Dealership Actions)*, No. 2:13-cv-00902 (ECF No. 51);  *Windshield Wiper Systems (End-Payor Actions)*, No. 2:13-cv-00903 (ECF No. 65), which Defendants adopt and incorporate by reference pursuant to the Stipulation and Order Regarding Motions to Dismiss submitted on January 30, 2015, *Inverters (Dealership Actions)*, 2:12-cv-001802 and *Inverters (End-Payor Actions)*, 2:12-cv-001803.

## III.    THE COURT SHOULD DISMISS PLAINTIFFS' STATE ANTITRUST, CONSUMER PROTECTION, AND UNJUST ENRICHMENT CLAIMS

The Court should also dismiss Plaintiffs' claims under state antitrust, consumer protection, and unjust enrichment laws for the reasons enumerated in Defendants' Collective Motion to Dismiss in the Windshield Wiper Systems cases. *See Windshield Wiper Systems (Dealership Actions)*, No. 2:13-cv-00902 (ECF No. 51); *Windshield Wiper Systems (End-Payor Actions)*, No. 2:13-cv-00903 (ECF No. 65), which Defendants adopt and incorporate by reference, pursuant to the Stipulation and Order Regarding Motions to Dismiss submitted on

January 30, 2015, *Inverters (Dealership Actions)*, 2:12-cv-001802 and *Inverters (End-Payor Actions)*, 2:12-cv-001803.

## IV.   THE COURT SHOULD DISMISS MANY OF THE PLAINTIFFS' CLAIMS BASED ON STATE STATUTES OF LIMITATIONS

The Court should also dismiss many of the Plaintiffs' claims based on state statutes of limitations for the reasons enumerated in Defendants' Collective Motion to Dismiss in the Windshield Wiper Systems cases. *See Windshield Wiper Systems (Dealership Actions)*, No. 2:13-cv-00902 (ECF No. 51); *Windshield Wiper Systems (End-Payor Actions)*, No. 2:13-cv-00903 (ECF No. 65), which Defendants adopt and incorporate by reference pursuant to the Stipulation and Order Regarding Motions to Dismiss submitted on January 30, 2015, *Inverters (Dealership Actions)*, 2:12-cv-001802 and *Inverters (End-Payor Actions)*, 2:12-cv-001803.

<u>CONCLUSION</u>

For the reasons stated above, DIKR and DNKA respectfully request that the Court dismiss the Auto Dealers' and End Payors' Consolidated Amended Class Action Complaints in their entirety for lack of personal jurisdiction pursuant to Rule 12(b)(2) and for failure to state a claim pursuant to Rule 12(b)(6).


Dated: February 13, 2015                          Respectfully submitted,


                                     */s/* Steven F. Cherry
                                     Steven F. Cherry
                                     David P. Donovan
                                     Brian C. Smith
                                     Kurt G. Kastorf
                                     WILMER CUTLER PICKERING HALE
                                     AND DORR LLP
                                     1875 Pennsylvania Avenue, NW
                                     Washington, DC 20006
                                     Tel.: (202) 663-6000
                                     Fax: (202) 663-6363

steven.cherry@wilmerhale.com
david.donovan@wilmerhale.com
brian.smith@wilmerhale.com
kurt.kastorf@wilmerhale.com

*Counsel for DENSO INTERNATIONAL KOREA
CORPORATION and DENSO KOREA
AUTOMOTIVE CORPORATION*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 13th day of February, 2015, I caused a true and correct copy

of the foregoing DEFENDANTS' MOTION TO DISMISS END-PAYORS' AND AUTO

DEALERS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINTS FOR LACK OF

PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM and MEMORANDUM

IN SUPPORT THEREOF to be electronically filed with the Clerk of the Court using the

CM/ECF system, which will send notification of such filing to all counsel of record.

> _/s/_ Steven F. Cherry
> Steven F. Cherry
> WILMER CUTLER PICKERING HALE
> AND DORR LLP
> 1875 Pennsylvania Avenue, NW
> Washington, DC 20006
> Tel.: (202) 663-6000
> Fax: (202) 663-6363
> david.donovan@wilmerhale.com
>
> _Counsel for DENSO INTERNATIONAL KOREA_
> _CORPORATION and DENSO KOREA_
> _AUTOMOTIVE CORPORATION_