REDACTED

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In RE:  AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File 12-md-02311<br>Honorable Marianne O. Battani |
| In Re:  FUEL INJECTION SYSTEMS | 2:13-cv-02203-MOB-MKM<br><br>ORAL ARGUMENT REQUESTED |
| THIS RELATES TO:<br>ALL END-PAYOR ACTIONS | |

## DEFENDANT KEIHIN CORPORATION'S MOTION TO DISMISS THE END-PAYORS' CORRECTED CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

REDACTED

Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(2), Defendant Keihin Corporation, Inc. ("Keihin") respectfully moves to dismiss all claims in the End-Payors' Corrected Consolidated Amended Class Action Complaint, filed on January 16, 2015 (ECF No. 27) ("EP CCAC").[1]   In support of this motion, Keihin states:

1.      Keihin bases this motion upon the accompanying memorandum of law and declaration in support, which fully adopts and incorporates by reference the arguments advanced in Defendants' Memorandum of Law in Support of Defendants' Collective Motion to Dismiss End-Payors' and Auto Dealers' Consolidated Amended Class Action Complaints ("Joint Memorandum in Support of Collective Motion to Dismiss"), oral argument of counsel, and such other and further material as the Court may consider.

2.      As required by E.D. Mich. Local Rule 7.1(a), Keihin's counsel sought concurrence from counsel for End-Payor plaintiffs on July 27 and July 28, 2015, via telephone. During those calls, counsel for Keihin explained the nature and legal basis of this motion and requested, but did not obtain, concurrence in the relief sought (*i.e.*, dismissal of the EP CCAC).

WHEREFORE, for the reasons set forth more fully in Keihin's Memorandum in Support of this Motion, incorporated herein, Keihin respectfully requests that this Court grant Keihin's Motion and dismiss the End-Payors' Corrected Consolidated Amended Class Action Complaint in its entirety.

---

[1] Keihin has not yet been served with the Automobile Dealerships' Consolidated Amended Class Complaint, filed on January 16, 2015 (ECF No. 33).  Because Keihin has not yet been served by the Automobile Dealerships, it need not answer, move or otherwise respond to the complaint until 21 days after proper service thereof.

REDACTED

July 29, 2015          By:          COVINGTON & BURLING LLP

*/s/ Bruce A. Baird*
Bruce A. Baird
Sarah L. Wilson
Michael A. Fanelli
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone:  (202) 662-6000
Fax: (202) 662-6291
bbaird@cov.com
swilson@cov.com
mfanelli@cov.com

Anita F. Stork
COVINGTON & BURLING LLP
One Front Street
35th Floor
San Francisco, CA 94111
Telephone: (415) 591-6000
Fax: (415) 955-6550
astork@cov.com

BROOKS WILKINS SHARKEY & TURCO PLLC

*/s/ Maureen T. Taylor*
Maureen T. Taylor
BROOKS WILKINS SHARKEY & TURCO PLLC
401 Old South Woodward, Suite 400
Birmingham, MI 48009
Telephone: (248) 971-1721
Fax: (248) 971-1801
taylor@bwst-law.com

*Attorneys for Defendant Keihin Corporation, Inc.*

REDACTED

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In RE:  AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File 12-md-02311 <br> Honorable Marianne O. Battani |
| In Re:  FUEL INJECTION SYSTEMS | 2:13-cv-02203-MOB-MKM <br><br> ORAL ARGUMENT REQUESTED |
| THIS RELATES TO: <br><br> ALL END-PAYOR ACTIONS | |

**DEFENDANT KEIHIN CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE END-PAYORS' CORRECTED CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

REDACTED

## **STATEMENT OF ISSUES PRESENTED**

1.      Whether the Court should dismiss the End-Payors' complaint against Keihin in its entirety because Keihin's involvement (unlike other defendants' purported involvement) in the single, overarching, global conspiracy alleged in the complaint cannot be inferred because the Department of Justice, by letter, has ended without action its investigation of Keihin, ████████ ████████████████████████████████████████

2.      Whether the Court should dismiss the End-Payors' allegations regarding ██████ ████████████████████████████████████████████████████ because plaintiffs have failed to allege unlawful conduct.

3.      Whether the Court should dismiss the End-Payors' complaint against Keihin in its entirety because the allegations in the complaint do not establish that the Court has jurisdiction over Keihin.

REDACTED

## **CONTROLLING OR MOST APPROPRIATE AUTHORITIES**

**Cases**

- *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

- *Bridgeport Music, Inc. v. Still N the Water Pub.*, 327 F.3d 472 (6th Cir. 2003) (per curiam)

- *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101 (7th Cir. 1984)

- *Elder-Beerman Stores Corp. v. Federated Dep't Stores, Inc.*, 459 F.2d 138 (6th Cir. 1972)

- *In re Automotive Parts Antitrust Litig.*, 2014 WL 1746450 (E.D. Mich. Apr. 30, 2014)

- *J. McIntyre Machinery, LTD v. Nicastro*, 131 S. Ct. 2780 (2011)

- *Kotteakos v. United States*, 328 U.S. 750 (1946)

- *Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506 (6th Cir. 2006)

- *Polk Bros. v. Forest City Enters.*, 776 F.2d 185 (7th Cir. 1985)

- *Precision Assocs., Inc. v. Panalpina World Transp. (Holding) Ltd.*, 2011 WL 7053807 (E.D.N.Y. Jan. 4, 2011), *report and recommendation adopted*, 2012 WL 3307486 (E.D.N.Y. Aug. 13, 2012)

- *United States v. Sargent Elec. Co.*, 785 F.2d 1123 (3d Cir. 1986)

**Rules**

- Federal Rule of Civil Procedure 12(b)(6)

- Federal Rule of Civil Procedure 12(b)(2)

REDACTED

## **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................ 1

BACKGROUND ......................................................................................................... 2

I.      PLAINTIFFS HAVE ALLEGED NO FACTS GIVING RISE TO AN
        INFERENCE THAT KEIHIN JOINED AN OVERARCHING CONSPIRACY ............. 4

        A.      Plaintiffs Attempt To Place Keihin In An Overarching Conspiracy By
                Reference To Ongoing Investigations And Past Guilty Pleas. ............... 5

        B.      No Allegations Support Keihin's Membership In An Overarching
                Conspiracy. ..................................................................................... 6

II.     KEIHIN'S ALLEGED ███████████████████████████
        ███████████ DOES NOT SUPPORT AN INFERENCE OF UNLAWFUL
        CONDUCT. ................................................................................................ 9

        A.      There Is No *Per Se* Liability For ██████████████████████
                ████████████. ................................................................. 10

        B.      Plaintiffs Do Not Plead Injury. ........................................................ 11

        C.      Allegations ███████████████████████████ Are Not
                Enough. ........................................................................................ 11

III.    THE COURT DOES NOT HAVE PERSONAL JURISDICTION OVER KEIHIN ....... 12

CONCLUSION ........................................................................................................ 14

REDACTED

## **TABLE OF AUTHORITIES**

**Cases**

*Asahi Metal Industry Co. v. Superior Court*,
  480 U.S. 102 (1987)......................................................................................13

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...........................................................................7, 12, 13

*In re Automotive Parts Antitrust Litig.*,
  2013 WL 2456013 (E.D. Mich. June 6, 2013)................................................6

*In re Automotive Parts Antitrust Litig.*,
  2013 WL 2456585 (E.D. Mich. June 6, 2013)................................................5

*In re Automotive Parts Antitrust Litig.*,
  2014 WL 1746450 (E.D. Mich. Apr. 30, 2014)..............................................5

*In re Automotive Parts Antitrust Litig.*,
  2014 WL 3846095 (E.D. Mich. Aug. 5, 2014)............................................5, 6

*In re Automotive Parts Antitrust Litig.*,
  2014 WL 4793848 (E.D. Mich. Sept. 25, 2014)............................................5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)......................................................................................13

*Bridgeport Music, Inc. v. Still N the Water Pub.*,
  327 F.3d 472 (6th Cir. 2003) (per curiam)...................................................13

*Cascades Computer Innovation LLC v. RPX Corp.*,
  2013 WL 316023 (N.D. Cal. Jan. 24, 2013) ................................................11

*Cason-Merenda v. Detroit Med. Ctr.*,
  862 F. Supp. 2d 603 (E.D. Mich. 2012)........................................................10

*Chencinski v. Marga*,
  2013 WL 3810344 (E.D. Mich. July 23, 2013) ............................................13

*Coal. for ICANN Transparency, Inc. v. VeriSign, Inc.*,
  611 F.3d 495 (9th Cir. 2010) .........................................................................8

*Daimler AG v. Bauman*,
  134 S. Ct. 746 (2014)...................................................................................12

*Elder-Beerman Stores Corp. v. Federated Dep't Stores, Inc.*,
  459 F.2d 138 (6th Cir. 1972) .........................................................................8

REDACTED

*Engine Specialties v. Bombardier, Ltd.*,
   605 F.2d 1 (1st Cir. 1979)............................................................................10

*Expert Masonry, Inc. v. Boone Cnty., Ky.*,
   440 F.3d 336 (6th Cir. 2006) ........................................................................8

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   131 S. Ct. 2846 (2011)................................................................................12

*Int'l Shoe Co. v. Washington*,
   326 U.S. 310 (1945)....................................................................................12

*In re Iowa Ready-Mix Concrete Antitrust Litig.*,
   768 F. Supp. 2d 961 (N.D. Iowa 2011)........................................................7

*J. McIntyre Machinery, LTD v. Nicastro*,
   131 S. Ct. 2780 (2011)................................................................................13

*Kendall v. Visa U.S.A.*,
   518 F.3d 1042 (9th Cir. 2008) ......................................................................8

*Kotteakos v. United States*,
   328 U.S. 750 (1946)......................................................................................7

*Kroger Co. v. Malease Foods Corp.*,
   437 F.3d 506 (6th Cir. 2006) ......................................................................12

*McCarn v. HSBC USA, Inc.*,
   2012 WL 7018363 (E.D. Cal. May 29, 2012) ..............................................5

*Palnik v. Westlake Entm't, Inc.*,
   344 Fed. App'x 249 (6th Cir. 2009) ............................................................13

*Polk Bros. v. Forest City Enters.*,
   776 F.2d 185 (7th Cir. 1985) ......................................................................10

*Precision Assocs., Inc. v. Panalpina World Transp. (Holding) Ltd.*,
   2011 WL 7053807 (E.D.N.Y. Jan. 4, 2011) .............................................8, 9

*So. Mach. Co. v. Mohasco Industries, Inc.*,
   401 F.2d 374 (6th Cir. 1968) ......................................................................13

*Sparks v. M & T Bank*,
   2009 WL 4506436 (E.D. Mich. Dec. 1, 2009) (Battani, J.)...........................7

*United States v. Addyston Pipe & Steel Co.*,
   85 F. 271 (6th Cir. 1898) ............................................................................10

REDACTED

*United States v. Brown Univ.*,
   5 F.3d 658 (3d Cir. 1993)............................................................................10

*United States v. Downing*,
   297 F.3d 52 (2d Cir. 2002).............................................................................5

*United States v. Pan Am. World Airways*,
   193 F. Supp. 18 (S.D.N.Y. 1961) ...............................................................10

*United States v. Sargent Elec. Co.*,
   785 F.2d 1123 (3d Cir. 1986)......................................................................11

**Statutes**

Mich. Comp. Laws § 600.715..............................................................................14

REDACTED

## **INTRODUCTION**

Plaintiffs allege a conspiracy among many defendants by setting forth ███████████ ████████████, and tying them together with allegations of ongoing investigations, guilty pleas, and cooperation of an amnesty applicant.  Whether or not such allegations may be sufficient to state a claim as to other defendants, Keihin is set apart in ways this Court has not previously addressed, and in ways that warrant dismissal of plaintiffs' complaint.

Keihin is distinct because plaintiffs have not alleged—and could not allege—that Keihin ████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████

Keihin is also distinct because the Antitrust Division of the Department of Justice ("DOJ") investigated Keihin with respect to ███████████████████████████ ████████████████—injectors and throttle bodies—and the DOJ formally closed that investigation without taking any action:  "the Antitrust Division's investigation of . . . Keihin Corporation, and its American subsidiary, Keihin North America, Inc., regarding . . . fuel injectors and throttle bodies, is now closed."  Decl. of Bruce Baird, Ex. A, Letter from Kalina M. Tulley to Bruce A. Baird, June 16, 2014 ("DOJ Declination Letter").

The DOJ Declination Letter shatters the inferences on which plaintiffs rely to ████████ ██████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ █████████████████████████████████████ Plaintiffs do not allege any facts ████████████████████ to the global conspiracy alleged in the complaint.  Rather, plaintiffs rely solely on the ongoing investigations and guilty pleas of other defendants ████████

REDACTED

████████████████████████████████████.  But the DOJ Declination Letter precludes any inference against *Keihin* that could be drawn from these investigations and pleas.  With no facts tying Keihin to the alleged "Fuel Injection Systems" conspiracy, and with no ongoing investigation into Keihin nor any guilty plea or other admission by it, plaintiffs are left with *nothing* connecting Keihin to the alleged conspiracy.

Keihin may also be the only defendant in the auto parts cases ██████████████ ████████████████████████████████████  Without more, the allegation that ████████████████████████████████, even if taken as true, does not give rise to a *per se* antitrust violation.

Finally, plaintiffs' factual allegations do not give the Court personal jurisdiction over Keihin.  There are no allegations in the complaint that would support the exercise of either general or specific jurisdiction.  On the contrary, plaintiffs allege that Keihin is a Japanese company headquartered in Tokyo that does business in Japan, foreclosing any argument that Keihin is "at home" in the United States.  Further, plaintiffs do not allege ████████████ ████████████████████████████████.  Accordingly, there are no allegations in the complaint that support the Court's exercise of personal jurisdiction over Keihin, and the End-Payors' complaint should be dismissed as to Keihin.

## BACKGROUND

**Keihin.**  Honda Motors holds a 41.35 percent ownership stake in Keihin.  Keihin Rule 7.1 Corporate Disclosure Statement, No. 2:13-cv-02203 (ECF No. 112).  No other entity owns over 10 percent of Keihin, making Honda Keihin's largest shareholder by a wide margin.  *Id.*

**The Alleged Global Conspiracy.**  Plaintiffs allege that Keihin and the other defendants formed a single, overarching conspiracy to rig bids and fix prices for "Fuel Injection Systems," dating from January 1, 2000.  EP CCAC ¶¶ 3-4, 20-21.  "Fuel Injection Systems" are defined to

REDACTED

include "injectors, high pressure pumps, rail assemblies, feed lines, electronic throttle bodies, airflow meters, engine electronic control units, fuel pumps, fuel pump modules, manifold absolute pressure sensors . . . , pressure regulators, pulsation dampers, purge control valves and other components sold as a unitary system." EP CCAC ¶ 2.

***The Alleged Conduct.*** Plaintiffs plead this single, overarching conspiracy by: (1) identifying ongoing antitrust investigations aimed at "suppliers of automotive parts"; (2) pointing to five corporate guilty pleas allegedly related to certain "Fuel Injection Systems" and with respect to other parts, EP CCAC ¶¶ 140-50;[2] and (3) ███████████████

██████████████████████████████████████████ ██

███████████████ The ongoing investigations and guilty pleas are the only allegations supporting plaintiffs' theory ███████████████████████████████

███████████████ .

***Keihin's Alleged Conduct.*** █████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

---

[2] Specifically, plaintiffs identify the following guilty pleas: (i) Denso Corporation with respect to "electronic control units"; (ii) Hitachi Automotive Systems, Ltd. with respect to "Fuel Injection Systems," "electronic throttle bodies," and "air flow meters"; (iii) Mitsuba Corporation with respect to "electric throttle motors and fuel pumps"; (iv) Mitsubishi Electric Corporation with respect to "fuel injections, fuel pumps, MAP sensors, purge control valves, and throttle bodies"; and (v) Aisan Industry Co. with respect to "electronic throttle bodies." EP CCAC ¶¶ 140-50.

REDACTED

██████████████████████████████████████████████████

████████████████████

*The Closed Government Investigation of Keihin.*   The Department of Justice Antitrust Division investigated Keihin with respect to its sales of injectors and throttle bodies.  It closed that investigation.  As the Assistant Chief of the Chicago Office explained in a June 16, 2014, letter:

> I am writing to advise you that the Antitrust Division's investigation of your client, Keihin Corporation, and its American subsidiary, Keihin North America, Inc., regarding . . . fuel injectors and throttle bodies, is now closed.

Baird Decl. Ex. A.

Keihin did not plead guilty.  Keihin was not charged.  Keihin is not being investigated.

## ARGUMENT

### I.   PLAINTIFFS HAVE ALLEGED NO FACTS GIVING RISE TO AN INFERENCE THAT KEIHIN JOINED AN OVERARCHING CONSPIRACY.

Plaintiffs' claims against Keihin must be dismissed because there is no link between Keihin's alleged anticompetitive conduct and the broadly alleged "Fuel Injection Systems" conspiracy.  Plaintiffs allege no such connection besides ongoing investigations and guilty pleas. In its prior MDL opinions, this Court has agreed with plaintiffs that even in the absence of other links, ongoing investigations and guilty pleas can support an inference of membership in a broader conspiracy.  But that inference should not be given weight as to Keihin, which, as the DOJ Declination Letter establishes, is *not* under investigation, and has *not* pleaded guilty.

This Court also should not infer Keihin's participation in a global conspiracy because plaintiffs do not allege, nor could they, ███████████████████████████████, rendering implausible any inference that Keihin was part of a vast, industry-wide conspiracy █ ████████.

- 4 -

REDACTED

### A.    Plaintiffs Attempt To Place Keihin In An Overarching Conspiracy By Reference To Ongoing Investigations And Past Guilty Pleas.

Plaintiffs have not alleged any facts suggesting that ██████████████████

███████████████ were connected to any larger scheme.  Plaintiffs have *not* alleged,

for example, that Keihin joined (or had reason to join), knew about, or was integral to an

overarching "Fuel Injection Systems" conspiracy.  *See United States v. Downing*, 297 F.3d 52,

57 (2d Cir. 2002) (conspirator must know the "essential nature of the plan"); *McCarn v. HSBC

USA, Inc.*, 2012 WL 7018363, at *4-6 (E.D. Cal. May 29, 2012) (plaintiffs inadequately alleged

that defendants, who had no direct contact with one another, were part of a single, overarching

conspiracy).  Instead, plaintiffs connect Keihin to something larger only by alleging that other

Japanese auto parts suppliers and/or their U.S. affiliates are being investigated or have pleaded

guilty.

Plaintiffs' approach here is consistent with this Court's prior decisions, which concluded

that ongoing government investigations and guilty pleas allowed an inference that discrete

incidents of misconduct were part of something larger; specifically, that the investigations and

pleas "nudge[d]" plaintiffs' claims "from conceivable to plausible."  *See, e.g.*, *In re Automotive

Parts Antitrust Litig.*, 2014 WL 3846095, at *3-4 (E.D. Mich. Aug. 5, 2014) (complaint raised

plausible inference of defendants' participation in the heater control panel conspiracy because of,

among other things, a government investigation and numerous guilty pleas); *see also In re

Automotive Parts Antitrust Litig.*, 2014 WL 4793848, at *5-6 (E.D. Mich. Sept. 25, 2014)

(denying defendants' collective motion to dismiss in the bearings case); *In re Automotive Parts

Antitrust Litig.*, 2014 WL 1746450, at *7 (E.D. Mich. Apr. 30, 2014) (denying defendants'

collective motion to dismiss in the heater control panels case); *In re Automotive Parts Antitrust

Litig.*, 2013 WL 2456585, at *2-4 (E.D. Mich. June 6, 2013) (denying Denso's motion to dismiss

REDACTED

in the wire harness case); *In re Automotive Parts Antitrust Litig.*, 2013 WL 2456013, at *2-4 (E.D. Mich. June 6, 2013) (denying TRAM's motion to dismiss in the wire harness case).

Indeed, in opposing previous motions to dismiss, plaintiffs have relied centrally on ongoing investigations and guilty pleas to advance their theory of the auto parts cases. *See, e.g.*, *In re: Automotive Parts Antitrust Litig.*, *In re: Wire Harness Systems,* No. 2:12-cv-00101 (E.D. Mich.) (ECF No. 382), Direct Purchaser Plaintiffs' Response in Opposition to Denso's Motion to Dismiss the Direct Purchasers' and End Payors' Amended Class Action Complaints; *In re: Automotive Parts Antitrust Litig.*, *In re: Heater Control Panel Cases*, No. 2:12-cv-00401 (E.D. Mich.) (ECF No. 68), Direct Purchaser Plaintiffs' Opposition to Defendants' Collective Motion to Dismiss the Amended Class Action Complaint; *In re: Automotive Parts Antitrust Litig.*, *In re: Bearings*, Nos. 2:12-cv-00502, 2:12-cv-00503 (E.D. Mich.) (ECF No. 86), End Payor and Automobile Dealer Plaintiffs' Memorandum of Law in Opposition to Defendants' Collective Motion to Dismiss Complaint.

## B.   No Allegations Support Keihin's Membership In An Overarching Conspiracy.

These ongoing investigations and pleas, the linchpin of the inference plaintiffs want this Court to draw, are not available *against Keihin* because DOJ has definitively closed its investigation of Keihin.  And because plaintiffs have not alleged, nor could they, that Keihin has sold to any OEM besides Honda.

The Court's prior decisions and plaintiffs' theory of this case support no other conclusion.  If guilty pleas and ongoing investigations are what allowed the Court to reasonably infer a defendant's participation in a global conspiracy, it follows that no such inference may be drawn in their absence (unless there are other facts tying the defendant to the larger scheme, which, as noted above, are also absent here).  *See, e.g., In re Automotive Parts Antitrust Litig.*,

REDACTED

2014 WL 3846095, at *3-4; *In re: Automotive Parts Antitrust Litig.*, *In re: Heater Control Panel Cases*, No. 2:12-cv-00401 (E.D. Mich.) (ECF No. 68), Direct Purchaser Plaintiffs' Opposition to Defendants' Collective Motion to Dismiss the Amended Class Action Complaint.  Indeed, the Court has *never* allowed a complaint to proceed in the circumstances Keihin presents here: Keihin is not under investigation, Keihin did not plead guilty, and the DOJ closed its investigation of Keihin without taking any action.  Period.

Without an ongoing investigation or guilty plea, without customers other than Honda, and without any other facts linking Keihin's conduct to a broader agreement, plaintiffs are left with *nothing* tying Keihin to the alleged conspiracy.  Nothing except, perhaps, innuendo and guilt by association.  But under our rule of law, these are never enough.[3]

Although plaintiffs allege that , allegations that are not sufficient to raise an inference that Keihin joined the alleged overarching "Fuel Injection Systems" scheme.  *Kotteakos v. United States*, 328 U.S. 750, 772-73 (1946) (in the absence of facts reflecting defendant's participation in what it knew to be a collective venture or common goal, plaintiff has no valid conspiracy claim); *In re Iowa Ready-Mix Concrete Antitrust Litig.*, 768 F. Supp. 2d 961, 979 (N.D. Iowa 2011) (finding failure to state an antitrust claim where plaintiffs "have expressly relied on an 'overarching' conspiracy . . . that simply is not supported by any factual allegations" in the complaint).

---

[3] This Court should not credit plaintiffs' boilerplate, non-factual assertion that Keihin agreed "to fix, raise, maintain, and/or stabilize prices, rig bids and allocate" the market and customers "for Fuel Injection Systems."  EP CCAC ¶ 4.  *See, e.g.*, *Sparks v. M & T Bank*, 2009 WL 4506436, at *3 (E.D. Mich. Dec. 1, 2009) (Battani, J.) (the "Federal Rules do not require courts to credit conclusory statements without reference to their factual content") (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

REDACTED

To adequately plead Keihin's participation in the broader "Fuel Injection Systems" conspiracy, plaintiffs would have to allege facts that raise a plausible inference of Keihin's intention to join *that* scheme. *See Expert Masonry, Inc. v. Boone Cnty., Ky.*, 440 F.3d 336, 342-43 (6th Cir. 2006); *Coal. for ICANN Transparency, Inc. v. VeriSign, Inc.*, 611 F.3d 495, 501-02 (9th Cir. 2010); *Kendall v. Visa U.S.A.*, 518 F.3d 1042, 1047 (9th Cir. 2008). To satisfy this standard, plaintiffs would have to show, *inter alia*, the existence of "an overall-unlawful plan or 'common design'" and that Keihin knew about or could have inferred the involvement of other members. *Elder-Beerman Stores Corp. v. Federated Dep't Stores, Inc.*, 459 F.2d 138, 146 (6th Cir. 1972).

Plaintiffs here have alleged nothing suggesting that Keihin joined or even knew about a common scheme to fix prices of "Fuel Injection Systems" parts. Allegations ███████████ ██████████████████████ are simply insufficient to tie Keihin to something much broader, even in the face of alleged widespread collusion by others. *See Precision Assocs., Inc. v. Panalpina World Transp. (Holding) Ltd.*, 2011 WL 7053807, at *30 (E.D.N.Y. Jan. 4, 2011) *report and recommendation adopted*, 2012 WL 3307486 (E.D.N.Y. Aug. 13, 2012) ("While the various local conspiracies alleged in this Complaint may evidence a widespread problem in the industry, the allegations as they presently stand do not demonstrate a global conspiracy by sixty-five defendants."). This is particularly true considering that plaintiffs do not allege, nor could they, that Keihin sold to any OEM other than Honda. Honda is Keihin's only customer, and Keihin's close relationship with Honda[4] renders highly implausible the inference that Keihin joined a vast, overarching, industry-wide conspiracy targeting all OEMs. Plaintiffs have

---

[4] Honda owns a 41.35 percent interest in Keihin. *See* Keihin Rule 7.1 Corporate Disclosure Statement, No. 2:13-cv-02203 (ECF No. 112).

REDACTED

provided nothing that can support such an inference as to Keihin, and the Court should accordingly decline to make such an inference under these circumstances.

Plaintiffs' allegations here are even thinner than they were in *Precision Associates*, 2011 WL 7053807, in which the court held that plaintiffs had not stated a claim for a single, overarching conspiracy. Plaintiffs there, who alleged "ten distinct conspiracies to impose surcharges on freight forwarding services by different groups of the defendants on different trade routes during disparate time periods," also sought to "group[] all of the local conspiracies into a single overarching global conspiracy." *Id.* at *3. The court concluded that plaintiffs failed to carry their burden at the pleading stage because "the Complaint [was] silent as to how, when, or where the[] sixty-five defendants or the conduct identified in the 10 local conspiracy claims became connected to each other into one global conspiracy connected by common actors, methods and goals." *Id.* at *27. ███████, the alleged "local conspiracies" involved "different" product offerings, "different time periods," "different defendants," meetings "at different times and with different participants," and "no indication that the meeting participants in local conspiracies knew the individuals or defendants involved in the other conspiracies." *Id.* at *30.

This Court should likewise dismiss Keihin. Plaintiffs allege nothing from which this Court could infer Keihin's connection to this alleged conspiracy. The only reasonable inference here is that Keihin did *not* join the scheme alleged.

**II.     KEIHIN'S ███████████████████████████████████**
**███████████ DOES NOT SUPPORT AN INFERENCE OF UNLAWFUL**
**CONDUCT.**

Even if the Court allows plaintiffs' complaint to stand against Keihin, it should at least dismiss the End-Payors' convoluted allegations that ███████████████████

████████████████████████████████████████████████████

REDACTED

████████████████████  ██████████████████. Those allegations fail for three independent

reasons:  (1) such conduct is not subject to the *per se* rule; (2) plaintiffs' allegations do not

suggest that any harm or injury occurred; and (3) plaintiffs fail to allege ██████████████

██████.

A.   **There Is No *Per Se* Liability For** ████████████████████████
     ██████████████.

Plaintiffs' allegations that ████████████████████████ do not—and

cannot—form the basis for a *per se* antitrust conspiracy claim.  The *per se* rule does not extend

to ██████████████████████████████. *See, e.g.*, *Polk Bros. v. Forest*

*City Enters.*, 776 F.2d 185, 190-91 (7th Cir. 1985) (agreement between parent and joint venture

analyzed under rule of reason, not *per se* rule); *United States v. Addyston Pipe & Steel Co.*, 85 F.

271, 280 (6th Cir. 1898) (agreements by joint venture partners not to compete with the venture

should be upheld as ancillary restraints because they are made "with a view of securing [each

partner's] entire effort in the common enterprise"), *aff'd as modified*, 175 U.S. 211 (1899);

*Engine Specialties v. Bombardier, Ltd.*, 605 F.2d 1, 11 (1st Cir. 1979) (alleged restraint imposed

by joint venture "is not offensive in and of itself:  it purports to state merely that neither of the

parties to the joint venture will compete with it"); *United States v. Pan Am. World Airways*, 193

F. Supp. 18, 33-36 (S.D.N.Y. 1961) (upholding agreement by parent not to compete with joint

venture), *rev'd on other grounds*, 371 U.S. 296 (1963).

The *per se* rule is meant only for hard-core price-fixing in "conventional business

contexts." ████████████████████████ does not fall into this

category.  *United States v. Brown Univ.*, 5 F.3d 658, 670 (3d Cir. 1993); *see also Cason-*

*Merenda v. Detroit Med. Ctr.*, 862 F. Supp. 2d 603, 638 (E.D. Mich. 2012) (*per se* rule applies

REDACTED

when there is an alleged "garden-variety [price]-fixing conspiracy among a number of competitors who stand on relatively equal footing" (internal quotation marks, citation omitted)).

**B.     Plaintiffs Do Not Plead Injury.**

Plaintiffs' allegations that ███████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████

**C.     Allegations That ██████████████████████ Are Not Enough.**

████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████

████████—to state a claim under the Sherman Act.  *See United States v. Sargent Elec. Co.*, 785 F.2d 1123, 1127 (3d Cir. 1986) ("An agreement among persons who are not actual or potential competitors in a relevant market is for Sherman Act purposes *brutum fulmen* [empty noise].").[5]

---

[5] Furthermore, the probative value of plaintiffs' allegations here is minimal (at best) because plaintiffs have failed to allege any facts ████████████████████████████████ ████████████████████████  *See Cascades Computer Innovation LLC v. RPX Corp.*, 2013 WL 316023, at *11 (N.D. Cal. Jan. 24, 2013) (where conspiracy "makes no economic sense, the claim must be dismissed").

REDACTED

Because plaintiffs' allegations ████████████████████████ do

not suggest that an antitrust violation occurred, they must be dismissed.

## III.    THE COURT DOES NOT HAVE PERSONAL JURISDICTION OVER KEIHIN

Plaintiffs' complaint fails to provide a basis for the court to exercise jurisdiction over

Keihin.  Because Keihin is neither at home in nor has purposefully availed itself of the forum,

this Court's exercise of jurisdiction over Keihin would be inconsistent with Due Process.  *See*

*Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

**General Jurisdiction.**  Plaintiffs' allegations do not establish that Keihin's "'affiliations

with the [forum] are so continuous and systematic as to render it essentially at home in the

forum.'"  *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014) (quoting *Goodyear Dunlop Tires*

*Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)).  Plaintiffs' admission that Keihin is a

Japanese corporation whose principal place of business is in Tokyo, EP CCAC ¶ 98, forecloses

any argument that they have satisfied the general jurisdiction test.  Indeed, apart from boilerplate,

non-specific allegations, plaintiffs do not allege that Keihin has *any* contacts with the United

States.[6]

**Specific Jurisdiction**.  Plaintiffs similarly fail to carry their burden of establishing

specific jurisdiction:  they have failed to "set forth specific facts that support a finding of

jurisdiction."  *Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506, 510 (6th Cir. 2006).  The

complaint is barren of any facts showing that this lawsuit arises from Keihin's U.S. contacts.[7]

---

[6] Nor does the existence of Keihin's subsidiary, Keihin North America, Inc. ("KNA"), subject Keihin to this Court's jurisdiction.  The complaint offers no facts to show that KNA is "so dominated by [Keihin] as to be its alter ego."  *Daimler*, 134 S. Ct. at 759.

[7] Plaintiffs cannot rely on "threadbare recitals" and "mere conclusory statements" to establish jurisdiction, but rather must allege sufficient facts to establish jurisdiction.  *Ashcroft v. Iqbal*, 556

(continued…)

REDACTED

*See So. Mach. Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968) (articulating three-part test to exercise specific jurisdiction over a foreign defendant); *see also J. McIntyre Machinery, LTD v. Nicastro*, 131 S. Ct. 2780, 2788 (2011).

The only specific allegations about Keihin in the complaint state that ████████ ████████████████████████████████████████[8] ████████████████████ Plaintiffs do not allege that Keihin did anything in the United States, nor do they allege that Keihin placed parts in the stream of commerce. *Id.* It is a truism that where there is no commerce, there cannot be a "stream of commerce" let alone a "stream of commerce plus," as is required for specific personal jurisdiction. *See, e.g., Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 112 (1987) (plurality op.) (articulating "stream of commerce plus" test for specific personal jurisdiction); *Bridgeport Music, Inc. v. Still N the Water Pub.*, 327 F.3d 472, 479-80 (6th Cir. 2003) (per curiam) (adopting "stream of commerce plus" test). The complaint thus contains no allegations that could support a finding that Keihin purposefully availed itself of the forum. The Court therefore lacks jurisdiction under *Mohasco*.

The exercise of personal jurisdiction over Keihin also would not be reasonable. Plaintiffs claim only that ████████████████████████████████████████████████████

---

U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Palnik v. Westlake Entm't, Inc.*, 344 Fed. App'x 249, 251 (6th Cir. 2009) (*Twombly* and *Iqbal* pleading standard applies to personal jurisdiction allegations); *Chencinski v. Marga*, 2013 WL 3810344, at *5 (E.D. Mich. July 23, 2013) (same).

[8] The Court should give no weight to plaintiffs' generic allegations that "[t]his Court has in personam jurisdiction over the Defendants." *See* EP CCAC ¶ 25. These allegations, which are pure legal conclusions and say nothing about Keihin, fall far short of the specific facts required to support personal jurisdiction, and do not suffice to support the exercise of jurisdiction over Keihin. *See Palnik*, 344 Fed. App'x at 251 (complaint must allege specific facts supporting exercise of personal jurisdiction over defendant).

REDACTED

████████████████████████████████████████████████ On these alleged facts,

████████████████████████████████████████████████

████████████████████████████████████████████████

████, it would be unreasonable to require Keihin to defend itself in the United States.

      Finally, the Court also lacks jurisdiction to adjudicate plaintiffs' state law claims against Keihin.  Plaintiffs do not even attempt to allege that the Court has independent jurisdiction over plaintiffs' state law claims.  In particular, there is no allegation in the complaint that Keihin has *any* contacts with the state of Michigan, let alone sufficient contacts to support the exercise of personal jurisdiction.  *See generally* Mich. Comp. Laws § 600.715 (requirements for exercise of personal jurisdiction under Michigan's long arm statute).  The Court therefore should dismiss plaintiffs' state law claims as well as plaintiffs' federal claims, resulting in Keihin's complete dismissal from this case.

## **CONCLUSION**

      For the reasons set forth above, the Court should dismiss the complaint as to Keihin in its entirety.

REDACTED

July 29, 2015          By:     COVINGTON & BURLING LLP

                                */s/ Bruce A. Baird*
                                Bruce A. Baird
                                Sarah L. Wilson
                                Michael A. Fanelli
                                COVINGTON & BURLING LLP
                                One CityCenter
                                850 Tenth Street NW
                                Washington, DC 20001
                                Telephone:  (202) 662-6000
                                Fax: (202) 662-6291
                                bbaird@cov.com
                                swilson@cov.com
                                mfanelli@cov.com

                                Anita F. Stork
                                COVINGTON & BURLING LLP
                                One Front Street
                                35th Floor
                                San Francisco, CA 94111
                                Telephone: (415) 591-6000
                                Fax: (415) 955-6550
                                astork@cov.com

                                BROOKS WILKINS SHARKEY & TURCO PLLC

                                */s/ Maureen T. Taylor*
                                Maureen T. Taylor
                                BROOKS WILKINS SHARKEY & TURCO PLLC
                                401 Old South Woodward, Suite 400
                                Birmingham, MI 48009
                                Telephone: (248) 971-1721
                                Fax: (248) 971-1801
                                taylor@bwst-law.com

                                *Attorneys for Defendant Keihin Corporation, Inc.*

REDACTED

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2015, I caused the foregoing DEFENDANT KEIHIN

CORPORATION'S MOTION TO DISMISS THE END-PAYORS' CORRECTED

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT and MEMORANDUM IN

SUPPORT THEREOF to be electronically filed with the Clerk of the Court using the CM/ECF

system, which will send notification of such filing to all counsel of record.

*/s Maureen T. Taylor*

Maureen T. Taylor